**FILED**

**April 30, 2018**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 1:05 P.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| David Moffitt | ) Docket No. 2016-02-0282 |
| | ) |
| v. | ) |
| | ) State File No. 40249-2016 |
| Allied Metals Company, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Brian K. Addington, Judge | ) |

---

### Affirmed and Certified as Final – Filed April 30, 2018

---

The employee alleged injuries to his low back, neck, and right arm as a result of jumping from a table where he had been standing to assist co-workers bend sheet metal. After receiving authorized medical treatment for his low-back injury, the employee sought treatment for his cervical condition from unauthorized providers. Following a trial, the court awarded the employee temporary disability benefits, permanent partial disability benefits, and ongoing medical benefits for his lumbar injury, but concluded the employee failed to prove he suffered a cervical injury arising primarily out of the work-related incident. The employee has appealed the denial of benefits for his alleged cervical injury. We affirm the trial court's decision, deem the appeal frivolous but decline to assess attorneys' fees or costs, and certify the order as final.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Larry V. Roberts, Johnson City, Tennessee, for the employee-appellant, David Moffitt

Brent R. Laman, Knoxville, Tennessee, for the employer-appellee, Allied Metals Company

1

**Memorandum Opinion**[1]

David Moffitt ("Employee") worked as a welder for Allied Metals Company ("Employer"). On March 26, 2015, he suffered injuries when he jumped from a table where he was assisting co-workers bend sheet metal.[2] Employee promptly reported his injury to his supervisor, telling him that he had injured his back and that his pain travelled into his leg. He did not immediately request medical care and completed his shift before going home. The next morning his wife called Employer and requested medical care for Employee. As a result, Employee was seen by Dr. Michael Anders at MedWorks Occupational Medicine on March 30, 2015. According to the trial court's order, Employee testified that he complained of hand pain during the initial examination with Dr. Anders, although the medical records make no mention of those complaints. Dr. Anders diagnosed Employee with an acute low-back strain.[3]

Employee ultimately came under the care of Dr. Richard Duncan, an orthopedic surgeon at Watauga Orthopaedics. After providing conservative care, Dr. Duncan placed Employee at maximum medical improvement on June 17, 2015 and assigned a 3% permanent anatomical impairment rating. Employee returned to Dr. Duncan on June 29, 2015. The report noted that Employee was complaining of continued low-back pain and "[a]lso non work related right arm on occasion." The "Assessment/Plan" in the report noted "Cervical spondylosis without myelopathy – Right – non-comp related," which was consistent with the "Discussion" section of the report that stated Employee's "right arm symptoms [were] unrelated to work." In his deposition, Dr. Duncan testified he did not believe Employee's cervical injury was related to his March 26, 2015 work injury. Employer denied benefits for the alleged cervical/right arm injury based on Dr. Duncan's opinions and Employee's alleged failure to initially report a neck injury.

Employee's family physician referred him to an orthopedic surgeon, Dr. Morgan Lorio, for his cervical complaints. On July 24, 2015, Employee saw James L. Myers, a physician's assistant in Dr. Lorio's office. The record of that visit states Employee injured his back "quite some time ago" when he jumped down from a table at work and indicates Employee later experienced cervical pain that radiated into his upper extremities. The physician's assistant diagnosed cervicalgia and recommended a cervical

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] We have not been provided with a transcript of the trial court proceedings or a statement of the evidence. Accordingly, we glean the facts from the trial court's order and other information contained in the record on appeal.

[3] There is no dispute on appeal regarding Employee's low-back injury, treatment, or the benefits awarded related to that injury. Accordingly, we forego a discussion of that part of the claim.

MRI, which was obtained on July 29, 2015. The results of the MRI were addressed at Employee's second visit with the physician's assistant on August 3, 2015. The report of that visit stated the MRI "shows marked disc degeneration . . . at C5-6 and C6-7 with paracentral disc herniation to the right at C5-6 and to a lesser extent at C6-7." Dr. Lorio performed an anterior discectomy and fusion at C5-6 and C6-7 on August 25, 2015.

On October 12, 2015, during Employee's post-surgical recovery period, Employer sent Employee to Dr. Jim Brasfield, a neurosurgeon, for a second opinion regarding his low-back condition. Dr. Brasfield diagnosed Employee with a lumbar sprain that he related to Employee's work injury. He testified in his deposition that he agreed with Dr. Duncan's opinion that Employee's cervical injury was unrelated to the March 26, 2015 injury.

Employee continued treating with Dr. Lorio and his physician's assistant. On January 9, 2016, Dr. Lorio placed Employee at maximum medical improvement for his cervical condition and assigned a 15% medical impairment rating. In his deposition, he testified the results of the July 29, 2015 cervical MRI indicated an "acute" disc herniation that he considered to have been present "[u]p to four months, maybe a little longer." After addressing some of the medical records of Dr. Duncan that were presented to him and the report of Dr. Brasfield's evaluation of Employee's low back, Dr. Lorio was asked his opinion concerning the cause of Employee's cervical injury. He stated Employee "had a lifting/twisting strain that induced a herniation to his neck." He responded affirmatively when asked whether that would be "consistent with the type of mechanism of injury" that occurred on March 26, 2015. Additionally, Dr. Lorio testified that his treatment of Employee, including the cervical fusion, was reasonable and necessary as a result of the work injury.

At trial, the court determined Employee sustained a compensable lumbar injury and awarded medical benefits and temporary and permanent partial disability benefits for that condition. However, the trial court found Employee had not suffered a compensable cervical injury. The court found that the physicians offering expert opinions were "equally qualified to render expert medical testimony," but noted that none of the doctors' testimony was persuasive because "Drs. Duncan, Lorio and Brasfield either did not have or [did not] thoroughly review the other physicians' notes before their deposition[s]." The trial court stated that "the attorneys asked the physicians to give opinions without providing them a complete picture of the facts." However, based upon Tennessee Code Annotated section 50-6-102(14)(E) (2017), the trial court determined that Dr. Duncan's causation opinion was presumed correct and that "Dr. Lorio's opinion failed to rebut Dr. Duncan's opinion by a preponderance of the evidence."

Employee filed a notice of appeal identifying the compensability of his alleged neck injury and his entitlement to temporary total and permanent partial disability benefits resulting from the upper back injury as the issues on appeal. However,

3

Employee failed to file a transcript of the trial court proceedings, a joint statement of the evidence, or a brief on appeal.[4] Employee has provided no explanation or argument on appeal setting out how he contends the trial court erred in deciding his case, and we decline to speculate as to the nature of his contentions on appeal. *See Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010).

When an appellant fails to provide a transcript of the trial or statement of the evidence, and fails to offer any substantive argument on appeal, an appellate court's ability to conduct meaningful appellate review is significantly hampered. *Holmes v. Ellis Watkins d/b/a Watkins Lawn Care*, No. 2017-08-0504, 2018 TN Wrk. Comp. App. Bd. LEXIS 7, at *3-4 (Tenn. Workers' Comp. App. Bd. Feb. 13, 2018). Without a transcript or statement of the evidence, we cannot know what evidence was presented to the trial court beyond the exhibits that were admitted into evidence and the testimony as summarized in the trial court's order. *Id.*

Review of a trial court's decision is accompanied by a presumption that the factual findings are correct. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017). Thus, "it is essential that the appellate court be provided with a transcript of the trial proceedings or a statement of the evidence." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *7 (Tenn. Ct. App. Jan. 25, 2007). As noted by the Tennessee Court of Appeals, "[a]n incomplete appellate record is fatal to an appeal on the facts," *Piper v. Piper*, No. M2005-02541-COA-R3-CV, 2007 Tenn. App. LEXIS 70, at *11 (Tenn. Ct. App. Feb. 1, 2007), and a reviewing court "must conclusively presume that the evidence presented supported the facts as found by the trial court," *Whitesell v. Moore*, No. M2011-02745-COA-R3-CV, 2012 Tenn. App. LEXIS 894, at *10 (Tenn. Ct. App. Dec. 21, 2012). *See also Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("In cases where no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court.").

Here, the absence of a transcript or statement of the evidence and the absence of any meaningful argument on appeal renders us unable to conclude that the evidence preponderates against the decision of the trial court. The totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. *Patton v. General Motors*, No. 2016-05-

---

[4] On February 14, 2018, Employee filed a "Notice and Motion to Accept Late Filing of Statement of the Evidence and Testimony of Joy Moffitt." On February 20, 2018, we denied the motion to accept the "statement of the evidence," as the document submitted failed to comply with Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2018). After permitting Employer time to respond to Employee's motion, we entered an order on March 5, 2018 declining to accept a partial transcript of the proceedings before the trial court, as Ms. Moffitt was one of multiple witnesses and Employee provided no explanation as to why her testimony was relevant to the issues raised on appeal.

0749, 2017 TN Wrk. Comp. App. Bd. LEXIS 3, at *2-3 (Tenn. Workers' Comp. App. Bd. Jan. 17, 2017).

Furthermore, we are compelled to address the frivolous nature of this appeal. As we have previously noted, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). "[P]arties should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Id.* at *10-11. The record on appeal is so inadequate in this case that we conclude Employee's appeal is frivolous. Although we conclude this appeal had no realistic chance of success and is frivolous, we exercise our discretion not to assess attorneys' fees or costs. *See* Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2018). Accordingly, we affirm the decision of the trial court and certify its order as final.

**FILED**

**April 30, 2018**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 1:05 P.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| David Moffitt | ) | Docket No. 2016-02-0282 |
| | ) | |
| v. | ) | State File No. 40249-2016 |
| | ) | |
| Allied Metals Company, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of April, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Larry V. Roberts | | | | | X | larry.roberts@larryvroberts.com<br>susan.elliott@larryvroberts.com |
| Brent R. Laman | | | | | X | brlaman@mijs.com |
| Brian K. Addington, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov